Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 3:59 PM
Envelope: 1646491
Reviewer: Alexa G.

## STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| PROVIDENCE COUNTY, ss. | SUPERIOR COURT |

MATTHEW MCCARTHY,
*Plaintiff*

v.

BIG TOP FLEA MARKET, INC.;
HOWARD W. BRYNES, in his capacity as
the owner of Big Top Flea Market; CITY
OF PROVIDENCE, by and through its
Treasurer James J. Lombardi;
PROVIDENCE POLICE OFFICER #324,
in his individual capacity; PROVIDENCE
POLICE OFFICER #369, in his individual
capacity; and, JOHN DOE, alias,
*Defendants*

C.A. No.:

PLAINTIFF DEMANDS TRIAL BY JURY

## COMPLAINT

NOW COMES the Plaintiff Matthew McCarthy ("Mr. McCarthy or Plaintiff") and brings this action against Big Top Flea Market, Inc. and Howard W. Brynes ("Mr. Brynes") (collectively, "Big Top"), the City of Providence ("City"), and Providence Police Officer #324 ("Officer #324") and Providence Police Officer #369 ("Officer #369") (collectively, "Officers") (altogether collectively, "Defendants") to remedy and seek relief for Defendants' actions relating to unlawful discrimination on the basis of disability, in violation of the laws of the United States and the laws of the State of Rhode Island.

## PARTIES

1. Plaintiff Matthew McCarthy is a citizen of the State of Rhode Island, residing in Cranston, Rhode Island.

1

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 3:56 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 2 of 15 PageID #: 5

2. Defendant Big Top Flea Market, Inc. is a domestic profit corporation, organized under the laws of the State of Rhode Island, with its principal place of business located at 120 Manton Ave., Providence, RI 02909.

3. Upon information and belief, Defendant Big Top Flea Market, Inc. *is not* authorized to transact business in the State of Rhode Island because its Certificate of Incorporation was revoked on or about October 26, 2016.

4. Defendant Howard Brynes is the registered agent and president of Big Top Flea Market, Inc, and a citizen of the State of Rhode Island, residing in Warwick, Rhode Island.

5. Defendant City of Providence is a duly chartered municipality and political subdivision of the State of Rhode Island, and is sued by and through its Treasurer, James J. Lombardi, III, the official designated by state law to be named in a suit for relief against the City.

6. Defendant Officer #324 is an employee of Defendant City of Providence and is upon information and belief a citizen of the State of Rhode Island.

7. Defendant Officer #369 is an employee of Defendant City of Providence and is upon information and belief a citizen of the State of Rhode Island.

8. Defendant John Doe is upon information and belief a citizen of the State of Rhode Island.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's claims pursuant to R.I. Gen. Laws § 8-2-14, as the amount in controversy exceeds $5,000.00.

10. Venue is proper in accordance with R.I. Gen. Laws § 9-4-3.

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 3:56 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 3 of 15 PageID #: 6

## ADMINISTRATIVE PROCEDURES

11. Pursuant to R.I. Gen. Laws § 45-15-5, at least forty (40) days prior to commencing this suit Defendants had notice of the suit based on Plaintiff charge of discrimination (RICHR #18 RPD 146-06/06) against Defendants with the Rhode Island Commission for Human Rights ("Commission") on or about December 11, 2017.

12. After initial investigating Plaintiff's charge of discrimination, the Commission for Human Rights (RICHR) issued Plaintiff a Notice of Right to Sue for the state law claims on or about May 4, 2018 in accordance with R.I. Gen. Laws § 28-5-24.1(c).

13. Federal claims are not adjudicated by RICHR and as such exhaustion is not required.

14. This complaint was timely filed within the ninety (90) days required by the RICHR exhaustion requirements.

## FACTUAL ALLEGATIONS

15. Mr. McCarthy suffers from optic nerve damage and is fully blind in his left eye, as well as equilibrium issues due to his blindness.

16. Mr. McCarthy's partial blindness makes it extremely difficult and dangerous for him to navigate and traverse areas without assistance; his equilibrium issues further compound his visual impairments by affecting his balance.

17. Accordingly, Mr. McCarthy requires the aid of a service dog to help him walk, navigate, and have access to public facilities utilized by the rest of the public.

18. Mr. McCarthy's service dog is an American Staffordshire Terrier named BayBay.

19. The tasks performed by BayBay are directly related to Mr. McCarthy's disability.

20. In particular, BayBay aids Mr. McCarthy by performing tasks such as navigating paths, sidewalks, ascending or descending stairs and inclines, and avoiding obstacles.

3

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 8:56 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 4 of 15 PageID #: 7

21. BayBay is also trained to help Mr. McCarthy get up in the event Mr. McCarthy falls.

22. BayBay is controlled by a tether and when not under physical control by Mr. McCarthy which is sometimes required for him to perform tasks, BayBay is controlled by voice command.

23. In or about winter 2016, Mr. McCarthy arrived at Big Top with his service animal.

24. Before Mr. McCarthy could enter the building, he was halted by a security guard employed by Big Top.

25. The security guard claimed that BayBay was not a service animal because she was not wearing a vest and Mr. McCarthy did not have "paperwork" to prove that she was a service animal.

26. Pursuant to the Americans with Disabilities Act ("ADA") and Rhode Island law, a service animal cannot be required to wear a vest, or be certified, licensed, or professionally trained. See 28 C.F.R. § 35.136(f).

27. At no point was Mr. McCarthy's service dog out of control, nor did Mr. McCarthy pose a direct threat to the health and safety of other.

28. Big Top contacted Providence Police when Mr. McCarthy continued to assert his civil rights and request entry.

29. Two Providence Police officers (Badge #324 and #369) arrived asked Mr. McCarthy for certification that his dog was a service dog.[1]

30. Mr. McCarthy repeatedly explained to the Officers and Big Top that the ADA prohibits them from asking for or requiring such certification.

31. Nevertheless, when Mr. McCarthy failed to produce such certification, the officers unlawfully detained Mr. McCarthy.

---

[1] Mr. McCarthy recorded part of the incident with the police on his cell phone. The video can be viewed online at https://www.youtube.com/watch?v=4y0ydgWoaCE&t=

4

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 8:59 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 5 of 15 PageID #: 8

32. Mr. McCarthy then asked if he was being detained. Officer Washburn responded, "You are at this point and time being detained." See Video at 00:00:36.

33. When Mr. McCarthy asked why he was being detained, Officer Washburn told him that he needed to "identify" Mr. McCarthy so he could complete a no trespass order at the request of Big Top.

34. After a lot of back and forth, Mr. McCarthy reiterated again that the officers needed to state the reason for why the no trespass order was being issued. Officer #324 responded stating:

> [E]verybody asked for what you got … if you have certification for the dog and that's what you're not providing because you don't have it. You don't have it. That's what it is. See Video at 00:02:07.

35. Mr. McCarthy told the officers that the "nobody has the right to ask for certification of my service animal … according to the ADA." See Video at 00:02:19.

36. The officers then attempted to impose a no trespass order, prohibiting Mr. McCarthy from returning to Big Top indefinitely.

37. Officer #324 disputed Mr. McCarthy's statement and responded, "they're allowed to ask for this stuff." See Video at 00:02:24.

38. Under Rhode Island law, a police officer may only detain a person where the officer "has reason to suspect" that the person "is committing, has committed, or is about to commit a crime and may demand of the person his or her name…." R.I. Gen. Laws § 12-7-1.

39. Mr. McCarthy also challenged the detention, telling Officer Washburn that "I don't think you have the legal right to identify me sir." See Video at 00:07:19.

40. Officer Washburn responded, "how do I know that you're wanted for bank robbery in three different states?"

41. Mr. McCarthy asked, "Do you suspect me of a crime?" See Video at 00:07:32.

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 3:56 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 6 of 15 PageID #: 9

42. Officer Washburn responded, "No. I just want to make sure everybody is safe." See Video at 00:07:34.

43. Officer #324 unlawfully detained Mr. McCarthy, admitting *on camera* that they did not have reasonable and articulate suspicion that a crime had been committed.

44. Nonetheless the officers detained Mr. McCarthy without probable cause, harming Mr. McCarthy and violating his civil rights as well as humiliating him publicly.

45. As a direct and proximate result of Defendants' discriminatory conduct, Mr. McCarthy was permanently trespassed from the property, in violation of his civil rights as a disabled individual.

46. Also as a direct and proximate result of Defendants' conduct, Mr. McCarthy experienced damages including public humiliation, violation of his civil rights and state law rights, emotional distress and mental anguish resulting in physical injury, as well as other damages.

## COUNT I – DECLARATORY RELIEF

47. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

48. An individual has a "disability" under federal and state law if the person has "a physical or mental impairment that substantially limits one or more major life activities" and has "a record of such an impairment" or is "regarded as having such an impairment. 42 U.S.C. § 12102(1); R.I. Gen. Laws § 42-87-1(1).

49. Mr. McCarthy's partial blindness substantially limits at least one major life activity, such as seeing, walking, and reading.

50. Mr. McCarthy's partial blindness has been documented by a physician.

51. Mr. McCarthy has otherwise been regarded as being partially blind and/or visually impaired.

52. Thus, Mr. McCarthy is a disabled individual under the ADA and Rhode Island law.

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 8:01 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 7 of 15 PageID #: 10

53. Because Mr. McCarthy is disabled individual, he is therefore entitled to the rights and protections of federal and state law that provide for the protection from harassment and discrimination based on his disability, as well as the right to reasonable accommodation of disabled persons.

54. An animal is a "service animal" under federal and state law if the animal is "individually trained to do work or perform work for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability" and "examples of work or tasks include … assisting individuals who are blind or have low vision with navigation and other tasks…." 28 C.F.R. § 35.104.

55. Mr. McCarthy's partial blindness and/or visual impairment necessitates the assistance of a service dog.

56. Mr. McCarthy's service dog, BayBay is individually trained to perform specific tasks for Mr. McCarthy, such as assisting Mr. McCarthy navigate the area around him since his vision is extremely impaired, as well as helping Mr. McCarthy to his feet in the event he falls due to his equilibrium issues.

57. Mr. McCarthy employs the use of a lead[2] to both serve as a tether and also to serve as a guide, so Mr. McCarthy can sense where to walk and when obstacles are present.

58. Mr. McCarthy maintains control over BayBay through the lead as well as through audible commands.

59. BayBay is housebroken.

60. Thus, BayBay is a service animal under the ADA and Rhode Island law.

61. Because BayBay is a service animal, Mr. McCarthy is entitled to have BayBay accompany him in virtually all public places.

---

[2] A lead is synonymous with a leash or tether but are generally shorter and formed of a single length of stiff rope or leather that uses a sliding knot or ring to stay affixed around the neck of the dog.

7

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 8:56 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 8 of 15 PageID #: 11

62. As a direct and proximate result, Mr. McCarthy was harmed in the manners incorporated by reference as stated herein.

63. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

## COUNT II – INJUNCTIVE RELIEF

64. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

65. Mr. McCarthy has a reasonable likelihood of success on the merits in this action because on video Defendants violated Mr. McCarthy's civil rights as a disabled person and discriminated against him based on his disability.

66. Mr. McCarthy has suffered immediate and irreparable harm as a consequence of the filing and enforcement of the no trespass order by Defendants against Mr. McCarthy.

67. Mr. McCarthy has no adequate remedy at law other than injunctive relief to remove the no trespass order.

68. The balancing of equities requires that the requested relief be granted, and that Defendants be enjoined from enforcing the no trespass order against Mr. McCarthy.

69. As a direct and proximate result, Mr. McCarthy was harmed in the manners incorporated by reference as stated herein.

70. Plaintiff is otherwise entitled to mandatory injunctive relief.

71. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

## COUNT III – DISABILITY DISCRIMINATION
Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*
Equal Rights of Blind Persons to Public Facilities Act, R.I. Gen. Laws §§ 40-9.1-1, *et seq.*;
Civil Rights of People with Disabilities Act, R.I. Gen. Laws §§ 42-87-1, *et seq.*;
Hotels and Public Places Act, R.I. Gen. Laws §§ 11-24-1, *et seq.*;
Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1, *et seq.*

**(DEFENDANT BIG TOP and DEFENDANT BRYNES)**

8

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 8:56 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 9 of 15 PageID #: 12

72. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

73. Defendant Big Top is a place of public accommodation and thereby subject to the provisions of Title III of the ADA as well as Rhode Island disability laws.

74. Big Top and Mr. Brynes are responsible for the acts and omissions of its employees and agents, committed in violation of the ADA and Rhode Island law, under the doctrine of *respondeat superior*.

75. Big Top was well aware that Mr. McCarthy's dog was a service animal under the ADA and Rhode Island law because Mr. McCarthy repeatedly informed Big Top's security personnel of the fact when he was denied entry into the building.

76. Big Top never inquired whether BayBay was required because of a disability, or what work or task BayBay was trained to perform. See 28 C.F.R. § 35.136(f).

77. Big Top did not permissibly exclude Mr. McCarthy under the ADA or Rhode Island law, because BayBay was housebroken and was never out of control See 28 C.F.R. § 35.136(b).

78. Alternatively, if BayBay was out of control, Mr. McCarthy promptly took effective action to control her. See 28 C.F.R. § 35.136(b).

79. Even if Mr. McCarthy's service animal was properly excluded, Big Top failed to permit Mr. McCarthy the opportunity to enter the building without his service animal. See 28 C.F.R. § 35.136(c).

80. At no point did Mr. McCarthy pose a direct threat to the health and safety of others. See 42 U.S.C. § 12182(b)(3).

81. Mr. McCarthy's civil rights were violated and otherwise infringed upon as a direct and proximate result of Big Top's discriminatory conduct towards Mr. McCarthy and his service dog.

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 1 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 10 of 15 PageID #: 13

82. As a direct and proximate result, Mr. McCarthy was harmed in the manners incorporated by reference as stated herein.

83. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

### COUNT IV – DISABILITY DISCRIMINATION
Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*
Equal Rights of Blind Persons to Public Facilities Act, R.I. Gen. Laws §§ 40-9.1-1, *et seq.*;
Civil Rights of People with Disabilities Act, R.I. Gen. Laws §§ 42-87-1, *et seq.*;
Hotels and Public Places Act, R.I. Gen. Laws §§ 11-24-1, *et seq.*;
Rhode Island Civil Rights Act, R.I. Gen. Laws §§ 42-112-1, *et seq.*

### (DEFENDANT CITY)

84. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

85. Defendant City is a public entity and place of public accommodation and thereby subject to the provisions of Title II of the ADA as well as Rhode Island disability laws.

86. The City may be held liable for its employees' violations of Title II of the ADA for violations of Rhode Island public accommodation laws, pursuant to R.I. Gen. Laws §§ 40-9.1-3, 42-87-4, 11-24-2, and 42-112-2.

87. The Officers knowingly or negligently disregarded the ADA and Rhode Island public civil rights laws in an effort to assist Big Top in discriminating against Mr. McCarthy because of his disability.

88. The Officers not only encouraged and aided in Big Top's effort to ban Mr. McCarthy from the property because Big Top refused to permit Mr. McCarthy to enter the building with his service dog, the Officers also unlawfully detained Mr. McCarthy in an attempt to intimidate him and interfere with his right to have his service dog accompany him in a place of public accommodation.

89. Mr. McCarthy's civil rights were violated and otherwise infringed upon as a direct and proximate result of Big Top's discriminatory conduct towards Mr. McCarthy and his service dog.

90. As a direct and proximate result, Mr. McCarthy was harmed in the manners incorporated by reference as stated herein.

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 1 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 11 of 15 PageID #: 14

91. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

### COUNT IV – FALSE ARREST/UNLAWFUL DETENTION
### R.I. Gen. Laws § 12-7-1, *et seq.*
### R.I. Const. Art. I, Sec. 6

### (DEFENDANT CITY; OFFICER #324; OFFICER #369)

92. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

93. Officer #324 and Officer #369 are members of the Providence Police Department and are therefore "peace officers" within the meaning of R.I. Gen. Laws § 12-7-21(2).

94. The Officers seized Mr. McCarthy for the purpose of identifying him so the Officers could complete their police "paperwork properly." See Video at 00:05:30.

95. The Officers stated on camera that Mr. McCarthy was being detained. See Video at See Video at 00:00:36.

96. The Officers stated on camera that they did not suspect that Mr. McCarthy had violated any laws. See Video at 00:07:32.

97. Mr. McCarthy was under no obligation to identify himself because the Officers did not suspect him of criminal activity, nor where the Officers at the property to investigate criminal activity.

98. In fact, when Mr. McCarthy told the Officers, "I don't think you have the legal right to identify me sir," Officer #369 retorted, "I don't? How do I know you're not wanted for bank robbery in three different states?" See Video at 00:07:18.

99. Because the Officers knew that Mr. McCarthy had not violated any laws, and thereby could not be lawfully detained, the Officers acted with the intent to cause harm to Mr. McCarthy by detaining him maliciously and/or in bad faith.

100. As a direct and proximate result of the Officers unlawfully detained Mr. McCarthy, in violation of R.I. Gen. Laws § 12-7-1, *et seq.*

11

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 1 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 12 of 15 PageID #: 15

101. Defendant City is responsible for the acts and omissions of its employees and agents, committed in violation of R.I. Gen. Laws § 12-7-1, *et seq.*, under the doctrine of *respondeat superior*.

102. Alternatively, Defendant City is responsible for the acts and omissions of its officers acting under the color of state authority, pursuant to a police department policy or directive.

103. The unlawful seizure constituted a violation of Mr. McCarthy's rights under the Rhode Island Constitution to be free from unreasonable search and seizure.

104. Mr. McCarthy suffered the aforesaid damages set forth herein as a direct and proximate result of the violation of his constitutional rights.

105. Because the Officers detained Mr. McCarthy in bad faith, punitive damages are warranted, pursuant to R.I. Gen. Laws § 12-7-14.

106. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

### COUNT V – UNLAWFUL SEIZURE
### 42 U.S.C. § 1983
### U.S. Const. Amend. IV

**(DEFENDANT CITY; OFFICER #324; OFFICER #369))**

107. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

108. Providence police detained Mr. McCarthy for the sole purpose of identifying him to complete Providence police paperwork.

109. The Officers stated on camera that Mr. McCarthy was being detained. See Video at See Video at 00:00:36.

110. Officers #324 and #369 did not any reasonable cause to suspect or probable cause to believe that Mr. McCarthy was committing, had committed, or was about to commit a crime.

111. The Officers stated on camera that they did not suspect that Mr. McCarthy had violated any laws or committed any crimes. See Video at See Video at 00:07:32.

12

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 1:17 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 13 of 15 PageID #: 16

112. The Officers told Mr. McCarthy he was not "free to go," when Mr. McCarthy asked. See Video at 00:03:38.

113. The Officers reiterated several times to Mr. McCarthy was being detained so the Officers could identify him in order to complete their police "paperwork properly." See Video at 00:05:30.

114. Mr. McCarthy was under no obligation to identify himself because the Officers did not suspect him of criminal activity, nor where the Officers at the property to investigate criminal activity.

115. In fact, when Mr. McCarthy told the Officers, "I don't think you have the legal right to identify me sir," Officer #369 retorted, "I don't? How do I know you're not wanted for bank robbery in three different states?" See Video at 00:07:18.

116. Based on the officers' statements and conduct, Mr. McCarthy did not believe he was free to leave under the circumstances.

117. Upon information and belief, it is the City's police employees were acting pursuant to municipal policy to detain Mr. McCarthy in the absence of probable cause or even reasonable suspicion.

118. As a direct and proximate result of the City's policies, the Officers unlawfully seized Mr. McCarthy and violated his civil rights.

119. Alternatively, the Officers individually acted under the color of state law to intentionally deprive Mr. McCarthy of his constitutional rights under the Fourth Amendment.

120. The Officers acted in bad faith and knowingly not complying with law because the officers admitted to Mr. McCarthy that he was not suspected of any criminal activity and the officers were not there to investigate a crime yet detailed Mr. McCarthy despite the lack of criminal activity or basis for detention.

121. The unlawful seizure constituted a violation of Mr. McCarthy's rights under the Fourth Amendment to be free from unreasonable search and seizure.

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 3:70 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 14 of 15 PageID #: 17

122. Mr. McCarthy suffered the aforesaid damages set forth herein as a direct and proximate result of the violation of his Fourth Amendment rights.

123. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

## COUNT V – NEGLIGENT TRAINING AND SUPERVISION
### (DEFENDANT CITY; DEFENDANT BIG TOP; DEFENDANT BRYNES)

124. Plaintiff hereby incorporates by reference all foregoing paragraphs as if fully set forth herein.

125. Defendants owed Plaintiff McCarthy a duty of care to train their employees to understand the requirements of the ADA and Rhode Island disability laws and supervise their employees to ensure compliance with the ADA and Rhode Island disability laws.

126. Defendants breached their duty by failing to properly train their employees to understand the requirements of the ADA and Rhode Island disability laws and supervise their employees to ensure compliance with the ADA and Rhode Island disability laws.

127. Because Defendants' failed to provide adequate training and supervision, Defendants' employees did not know the requirements of the ADA and/or Rhode Island disability laws and were woefully unprepared to respond properly when Mr. McCarthy identified BayBay as his service dog and requested a reasonable accommodation.

128. As a direct and proximate result of Defendants' failure to properly train and supervise their employees, Mr. McCarthy and his service dog were ejected and trespassed from the store, in violation of Mr. McCarthy's civil rights and causing other damages stated herein.

129. Wherefore, Plaintiff prays that this Court grant relief as hereinafter set forth.

## PRAYER FOR RELIEF

Case Number: PC-2018-5419
Filed in Providence/Bristol County Superior Court
Submitted: 7/27/2018 1:10 PM
Envelope: 1646491
Reviewer: Alexa G.

Case 1:18-cv-00581-JJM-PAS   Document 1-1   Filed 10/23/18   Page 15 of 15 PageID #: 18

WHEREFORE, Plaintiff prays that this Honorable Court find in favor of Plaintiff and enter judgement against Defendants on all Counts, and for all counts applicable:

A. Declare that Mr. McCarthy is disabled within the meaning of R.I. Gen. Laws § 42-87-(1) and 42 U.S.C. § 12102(1);
B. Declare that BayBay is a service animal within the meaning of R.I. Gen. Laws § 40-9.1-1.1 and 28 C.F.R. § 35.136(f);
C. Enjoin Defendants from enforcing the no trespass order issued against Mr. McCarthy;
D. Order that Defendants attend or implement mandatory disability discrimination training;
E. Order that Defendants make Mr. McCarthy whole by awarding Mr. McCarthy compensatory damages to remedy:
   a. Economic losses incurred by Mr. McCarthy;
   b. Mental anguish and emotional pain suffered by Mr. McCarthy;
   c. Violation of Mr. McCarthy's civil rights;
F. Order that Defendants pay punitive damages for all violations of R.I. Gen. Laws §§ 42-87-4 and 40-9.1-3(d);
G. Award Mr. McCarthy attorney's fees and costs for all violations under the ADA and R.I. Gen. Laws §§ 42-87-4 and 40-9.1-3(d);
H. Where allowable by law, order that Defendants pay post-judgment and pre-judgment interest, at the statutory judgment rate, for all damages from the date the cause of action accrued;
I. Order, for all Counts, such other relief to Mr. McCarthy as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

*PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE*

Filed: July 27, 2018

Respectfully Submitted,

Matthew McCarthy,
By his attorney,

 /s/ Paige Munro-Delotto
Paige Munro-Delotto, Ph.D., Esq. #9291
Munro-Delotto Law, LLC
400 Westminster Street, Ste. 200
Providence, RI 02903
Tel: (401) 521-4529
Fax: (866) 593-9755
paige@pmdlawoffices.com